IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRENE D. PENA,

       Plaintiff,

v.                                                      CV 13-01063 KG/WPL

TIERRA DEL SOL HOUSING
CORP.,

       Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**

      Irene Pena has sued Tierra Del Sol Housing Corp. ("Tierra") for employment discrimination and retaliation. Tierra asserts that Pena ended her employment with Tierra by her own choice, while Pena claims that she was constructively discharged. Pena seeks a variety of damages in this lawsuit, including past and future lost wages and benefits, lost employment opportunities, lost income and loss of earning capacity.

      At issue is Tierra's motion to compel Pena to answer Tierra's Interrogatory No. 2, which asks Pena for information about her employment for the last ten years. (Doc. 15.) Pena objected that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. In her Response to the motion, Pena explains that the only relevant issue in this case is whether Tierra employed an illegal or discriminatory motive in its constructive discharge of Pena, and that her answer to the interrogatory will not lead to evidence on this issue. Pena further argues that Tierra already possesses the information, since Pena provided a detailed description of her prior work experience when she applied for a position with Tierra.

Pena's objection to this interrogatory is frivolous. This case involves both liability and damages issues, and the information requested in the interrogatory may be relevant to both issues. First, the information may allow Tierra to establish an after-acquired evidence defense. *Madrid v. Don Kelly Constr., Inc.*, No. CIV 12-0451 JB/GBW, 2013 WL 1897826, at *8 (D.N.M. April 24, 2013) (unpublished) (citing *Stranger v. Checker Auto Parts*, No. CIV 05-632 JB, 2006 WL 1304948 (D.N.M. Mar. 24, 2006) (unpublished)). Second, the information is relevant to Pena's claims for damages. As Judge Browning held in *Madrid*: "Past and subsequent employer information is discoverable information in an employment action where past and future wages, benefits, employment opportunities, and earning capacity are alleged." *Id.*

Pena may not refuse to answer the interrogatory because she asserts that Tierra already has information about Pena's past employment. It is well settled that a party may not refuse to produce documents in its possession by asserting that the requesting party already has possession of those documents. *See Gomez v. Tyson Foods, Inc*., No. 8:08CV21, 2012 WL 3111897, at *4-5 (D. Neb. July 31, 2012) (unpublished) (citing cases).

Tierra's motion to compel is granted and Pena is ordered to provide a full and complete answer to Interrogatory No. 2 by March 23, 2014.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.