IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRENE D. PENA,

      Plaintiff,

v.                                                                 CV 13-01063 KG/WPL

TIERRA DEL SOL HOUSING
CORP.,

      Defendant.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**

Irene Pena has sued Tierra Del Sol Housing Corp. ("Tierra") for sexual discrimination and retaliation. Pena has filed a motion to compel, seeking to compel Tierra to provide further answers and responses to Interrogatory Nos. 7, 9 and 10 and Request for Production ("RFP") Nos. 7A, 8A, 10A, 6, 3 and 7. (Doc. 14.)[1] This Order will grant in part and deny in part Pena's motion.

**Interrogatory Nos. 7, 9 and 10 and RFP Nos. 7A, 8A and 10A**:

Interrogatory No. 7 asks Tierra to identify the person or persons who made the decision to layoff, discharge, or otherwise separate Pena from her employment with Tierra. RFP No. 7A requests that Tierra produce the personnel files of the individuals identified in Interrogatory No. 7, while RFP No. 8A requests that Tierra produce the personnel files of those individuals who approved, authorized or ratified the decision to layoff, discharge, or otherwise separate Pena from her employment. Interrogatory No. 9 asks Tierra to describe the policies and factual bases

---

[1] Tierra filed a response to Pena's motion on February 13, 2014, and Pena's reply was due on February 27, 2014. See D.N.M.LR-Civ. 7.4(a). Pena failed to file a reply, so I do not have the benefit of her response to the arguments asserted by Tierra in its briefing.

that led to Pena's separation from employment.[2] Interrogatory No. 10 asks Tierra to identify any of Tierra's employees who violated the policies identified in Interrogatory No. 9, and RFP No. 10A requests personnel files for these individuals. Tierra responded that Pena's full-time position was eliminated for budgetary reasons, and answered Interrogatory Nos. 7 and 9 by stating that Pena decided to separate from Tierra when she declined the position of part-time receptionist offered to her. Although Tierra produced Pena's personnel file, it objected to producing other personnel files as an invasion of privacy and because the documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Pena argues that she is entitled to discovery to prove that Tierra's purported reasons for eliminating her position are nothing more than a pretext, and she believes that materials in the personnel files may be relevant to help her prove pretext. There is some tension in the case law concerning discovery of personnel files of individuals who engaged in the discrimination or harassment of the plaintiff or who played an important role in the employment decision at issue. Some courts hold that the personnel files of such individuals are discoverable because the information in the file may be relevant or reasonably calculated to lead to the discovery of admissible evidence. *See Hill v. Motel 6*, 205 F.R.D. 490, 495-96 (S.D. Ohio 2001); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 687-88 (D. Kan. 2000). These courts protect the individual's privacy interests by excluding from production highly personal information such as unlisted addresses and telephone numbers, marital status, wage information, medical information and credit history, and producing the remaining documents under a confidentiality order. *See Hill*, 205 F.R.D at 496.

---

[2] Pena's request that Tierra answer "[a]ll of the listed interrogatories" (Doc. 14 at 6) is less than illuminating. While not specifically referenced in her motion, Interrogatory Nos. 9 and 10 are implicated by Pena's RFP No. 10A.

Some courts in this District have taken a slightly different approach. While recognizing that personnel files can sometimes provide highly probative evidence in employment discrimination cases, these courts balance the needs and rights of both plaintiff and defendant by examining closely the relevance and burden of the discovery request. In one recent case, the court held that evidence in a supervisor's personnel file showing a pattern of discrimination against a protected group would be discoverable. *See Segarra v. Potter*, No. CIV-02-1413 JB/LFG, 2004 WL 3426438, at *4 (D.N.M. Apr. 5, 2004) (unpublished). The court further held that the supervisor's personnel file contained confidential information not relevant to plaintiff's claims (*i.e.*, her application for employment, health benefits and retirement elections, and pay increases and awards), and ordered that these documents not be produced. *Id*. at 6. Rather than ordering the production of the remaining documents, the court ordered the defendant to prepare a privilege log describing all documents in the personnel file and allowed plaintiff to specify the documents she wanted produced. *Id*.

A similar result was reached in *Daugherty v. Richardson*, in which plaintiff brought claims for gender discrimination and retaliation. No. 98-cv-01573 JP/LFG-ACE, Doc. 56 (D.N.M. June 5, 2000) (unpublished). Plaintiff sought the production of the personnel file of her supervisor, contending that it was discoverable because the supervisor took actions as a result of gender bias and then retaliated against her when she filed a complaint for gender bias. *Id*. at 1, 3. The court held that the fact that the supervisor was responsible for initiating disciplinary action against plaintiff that led to her claims of discrimination did not make his entire personnel file relevant to the issues in the case. *Id*. at 5. Instead, the court ordered the defendant to produce any documents in the supervisor's personnel file which related to plaintiff and the reasons why he initiated or recommended personnel actions involving plaintiff. *Id*.

The Tenth Circuit has recognized that personnel files often contain sensitive personal information and that district courts should be cautious when ordering disclosure of their contents. *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008). While a request to produce a supervisor's entire personnel file may be overly broad,[3] a narrowly targeted request focused on documents that might indicate disciplinary action against the supervisor for actions related to plaintiff's claim would likely be relevant and discoverable. *Id*.

The parties dispute whether Pena was constructively discharged from employment as Pena contends, or whether Pena decided to separate from Tierra by declining the part-time position offered to her as Tierra contends. I need not be concerned with the differing positions taken by the parties. To properly respond to Pena's discovery requests, Tierra will identify the individuals with knowledge of the funding cuts that led to the decision to eliminate Pena's full-time position and offer Pena a part-time position, and the individuals who approved, authorized or ratified these decisions. For those individuals, Tierra will produce any documents in their personnel files that relate to Pena, the decision to eliminate the full-time position and offer Pena a part-time position, Pena's separation, and any disciplinary or reprimand actions taken against the supervisor relating to Pena. Tierra will further identify any individuals who were disciplined or reprimanded related to the budget cuts, and will produce any documents in the personnel files that reflect such discipline or reprimand.

**RFP No. 6:**

RFP No. 6 requests that Tierra produce all company or internal memoranda including emails between Tierra's agents and employees, except those documents covered by attorney-client privilege, "on the subject of Plaintiff." Tierra objected on various grounds, including that

---

[3] Tierra asserts in its response that it objected on the ground that the request for personnel files is overbroad, but a review of its answer to RFP Nos. 7A and 10A does not support this assertion.

RFP No. 6 is overbroad. Tierra's objection is sustained. See *Regan-Touhy*, 526 F.3d at 649-50 (upholding the district court's decision that plaintiff's requests for all communications between Walgreen and a pharmacy tech, all email from the pharmacy tech's email account, and all documents relating to the pharmacy tech are overbroad). Although Pena in her motion suggests that there is good cause to discover memoranda and emails related to the elimination of her position, RFP No. 6 is not so limited. While parties to civil litigation are given broad discovery privileges, with those privileges come certain modest obligations, including the duty to state discovery requests with "reasonable particularity." *Id.* at 649 (quoting Fed. R. Civ. P. 34(b)(1)(A)). Pena has failed to do so in RFP No. 6. Pena is granted leave to submit a request that seeks such documents with reasonable particularity.

**RFP Nos. 3 and 7:**

RFP No. 3 requests documentation provided to or shown to Pena relating to illegal discrimination or retaliation in the work place, while RFP No. 7 requests such documentation shown to Tierra's employees for the last five years. Tierra objected that the requests are overbroad, unduly burdensome, and infringed on copyright protection for posters posted in the workplace. The information appears to be relevant, and I find that it is not overbroad and that Tierra has failed to demonstrate that it would be unduly burdensome to produce the materials or that it would infringe copyright protection. See *McCoo*, 192 F.R.D. at 685-86. Tierra's objections to these requests are overruled.

Pena's motion to compel is granted in part and denied in part as described above. Tierra will provide full and complete answers and responses by April 7, 2014.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.