IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRENE D. PENA,

    Plaintiff,

v.                                                                                              CV 13-01063 KG/WPL

TIERRA DEL SOL HOUSING
CORP.,

    Defendant.

**ORDER**

    On January 8, 2014, I entered an order assigning this case to a standard case-management track and setting pretrial deadlines, including a termination date for discovery of June 27, 2014. Irene Pena has filed a motion to extend discovery deadlines (Doc. 28) and a motion to compel Tierra Del Sol Housing Corp. ("Tierra") to respond to discovery. (Doc. 29.) This Order will deny both motions.

    Pena claims that she learned during depositions taken June 4, 2014, that Mike Rudloff, the supervisor who harassed her, had also harassed Sonia Jones and Dora Dorado, other women employed at Tierra. Pena claims that she did not know the identities of these other women until Rose Garcia, Tierra's Executive Director, identified them during her deposition. Pena also claims that she did not realize that these women had made complaints of sexual harassment by Rudloff to Tierra. These discoveries, Pena asserts, led her to file her Fifth Request for Production on June 9, 2014, which necessitates the extension of the discovery deadline.

    Pena cannot credibly claim that she learned new information during the June 4, 2014, depositions that justify further discovery and extension of the discovery deadlines. In her Intake

Questionnaire filed with the EEOC on December 4, 2012, Pena listed Ms. Jones and Ms. Dorado as individuals who had experienced sexual harassment at Tierra. Further, Pena listed both Ms. Jones and Ms. Dorado among her witnesses in the Joint Status Report filed on January 3, 2014. Finally, contrary to her claim that she did not know any women had filed complaints about sexual harassment by Rudloff with Tierra, Pena admitted during her deposition that she knew that Ms. Jones had filed a "grievance for sexual harassment" against Mr. Rudloff. (Doc. 31-1 at 4.)

As an additional justification for further discovery, Pena's counsel claims that he learned during Pena's deposition that she had reported Rudloff's harassment to Art Marrujo, a Tierra supervisor. As Tierra notes, Pena's counsel could have and should have interviewed Pena before suit was filed to determine the basic facts of her case, rather than waiting until the end of the discovery period to learn basic facts during her deposition.

Any motion to extend deadlines must show good cause for the requested extension. *See* Fed. R. Civ. P. 6(b). "Good cause" requires, at minimum, that a party has been diligent in its discovery efforts but still cannot comply with a scheduling order. *See Montoya v. Sheldon*, 286 F.R.D. 602, 609-10 (D.N.M. 2012) (citations omitted). Pena asserts that there will be no prejudice to Tierra because the documents should have been produced earlier and there is no trial date.[1] But a showing that an extension of time would not prejudice a party is not sufficient, by itself, to show good cause. *See Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008) (unpublished) (noting that the danger of prejudice to a party when extending a deadline is only one factor in determining whether a party's neglect was excusable); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (citation omitted) (noting that a showing of "good cause" would require "at least as much as would be required to show excusable neglect").

---

[1] The Court subsequently set this case for trial on January 5, 2015.

Given the circumstances, I do not find that good cause exists to grant Pena's motion to extend discovery deadlines, and I deny Pena's request that Tierra respond to the Fifth Request for Production.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge