IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRENE D. PENA,

        Plaintiff,

v.                                            CV 13-01063 KG/WPL

TIERRA DEL SOL HOUSING
CORP.,

        Defendant.

**ORDER DENYING LEAVE TO AMEND COMPLAINT**

This matter is before me on Irene Pena's Motion for Leave to Amend Complaint, filed June 16, 2014. (Doc. 27.) On January 8, 2014, I entered an order setting pretrial deadlines, allowing Pena until January 24, 2014, to seek leave to amend her pleading or add parties. (Doc. 11.)

Pena asserts that she should be provided leave to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2). In support of her motion, Pena states that on June 4, 2014, she learned through depositions new information to elaborate on and strengthen her original sexual harassment and constructive discharge claims. Further, her complaint cited to 42 U.S.C. § 1981 instead of Title VII/42 U.S.C. § 2000e. Pena would like to amend her complaint to drop her § 1981 claim and add a Title VII sexual discrimination and retaliation claim.

As pointed out by Tierra Del Sol Housing Corp. ("Tierra"), "if a court has imposed deadlines for amending the complaint pursuant to a Rule 16(b) scheduling order, a party may not modify the schedule" except "for good cause and with the judge's consent." *Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002); FED. R. CIV. P. 16(b)(4). Good cause "requires the

moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The standard under Rule 16(b)(4) is more demanding than that required under Rule 15(a)(2), which states that the "[t]he court should freely give leave when justice so requires." *See Rowen*, 210 F.R.D. at 252. "If th[e] [moving] party was not diligent [under Rule 16(b)(4)], the inquiry should end." *ACC Consultants, Inc. v. Logistics Health, Inc.*, No. CIV. 09-1145 JP/RHS, 2011 WL 5212262, at *4 (D.N.M. Feb. 25, 2011) (unpublished). However, if the moving party shows the diligence required for good cause under Rule 16(b)(4), then a court will examine whether the moving party has met the requirements of Rule 15(a)(2). *Id.*; *Scull v. Mgmt. & Training Corp.*, No. CIV 11-0207 JB/RHS, 2013 WL 1657065, at *5 (D.N.M. Mar. 29, 2013) (unpublished) (citation omitted).

Although Rule 16(b)(4) is a more demanding standard than Rule 15(a)(2), the Tenth Circuit has found a "'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009). A motion for leave to amend may be denied when the moving party "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (quotation omitted).

While Pena argues that amending her complaint will not delay any proceedings or cause prejudice to Tierra, Pena has failed to provide an adequate explanation for her delay in moving to amend her complaint, either as to new details to strengthen her claims or the addition of a Title VII claim. Regarding the specific details ascertained during the June 4, 2014, depositions (*see* Doc. 29 at 1-2), Pena cannot credibly claim that such information was unknown to her prior to the depositions. In her Intake Questionnaire filed with the EEOC on December 4, 2012, Pena

listed Ms. Jones and Ms. Dorado as individuals who had experienced sexual harassment at Tierra. Further, Pena listed both Ms. Jones and Ms. Dorado among her witnesses in the Joint Status Report filed on January 3, 2014. Finally, contrary to her claim that she did not know any women had filed complaints about sexual harassment by Rudloff with Tierra, Pena admitted during her deposition that she knew that Ms. Jones had filed a "grievance for sexual harassment" against Mr. Rudloff. (Doc. 31-1 at 4.)

With regard to the original complaint's inclusion of a § 1981 claim rather than a Title VII claim as Pena requests to now allege, the record reflects that Pena knew or should have known as of January 11, 2012, that she could bring a Title VII claim. Pena's EEOC charge stated that she believed that she was discriminated and retaliated against in violation of the Civil Rights Act of 1964, which contains Title VII. (Doc. 30 Ex. 1 at 5.) Pena did not file her original complaint in state court until August 27, 2013. Pena has provided no explanation for why she did not include a Title VII claim in her original complaint; nor has she explained her delay—almost five months past the deadline for requesting leave to amend provided in the order setting pretrial deadlines—in seeking approval from the Court for leave to amend her complaint.

Because Pena has failed to show good cause to amend her complaint, her motion to amend is hereby DENIED.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.